| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Jeffrey C. Bailey, et al., §
　　　　　　　　　　　　　　§
　　　　　Plaintiffs, §
　　　　　　　　　　　　　　§
versus　　　　　　　　　　　§　　Civil Action H-12-1711
　　　　　　　　　　　　　　§
Rig-Up Electrical Services, Inc., et al., §
　　　　　　　　　　　　　　§
　　　　　Defendants. §

# Opinion on Partial Summary Judgment

1. *Introduction.*

    A son purchased a branch of his family's business from his parents. For the two years preceding the sale, the company had not paid taxes on behalf of its employees. It now owes the Internal Revenue Service $1.1 million. The sales contract says that the parents are responsible for taxes and the son is responsible for accounts receivable.

    When a company takes money from its employees and holds it in trust for their taxes, it has incurred a debt – not a tax liability – because it is not being directly taxed. The retention creates a payroll trust-fund for its employees. Because debts are included in accounts receivable, the son will be responsible for the portion of the $1.1 million that the company withheld for its employees' taxes.

2. *Background.*

    Roger and Shirley Bailey own Rig-Up Electrical Services, Inc. – an Arkansas corporation. Jeffrey, their son, has worked in the Texas branch of that company since 2002. In 2006, he was named chief operating officer and vice president.

    To pay for the Texas operations, including taxes, Shirley transferred money weekly from the company's cash and credit line in Arkansas to its account in Texas. For money held in trust to pay its employees' taxes, the Texas office recorded the deposits as paid.

    In 2008, Jeffrey initiated negotiations with his parents to buy the Texas office. He wanted it to start his own company, Rig-Up Services, LLC. He hired a certified public accountant

to audit the books. The audit revealed that taxes had not been paid in 2007 and 2008 – after Jeffrey took over – leaving nearly $1.1 million owed.

Roger and Shirley were unaware of the unpaid taxes. To keep it that way, Jeffrey told his employees not to discuss it with them. Michelle Reed, the Texas office manager and bookkeeper, spoke weekly with Shirley to discuss ongoing payroll totals, but she did not mention the outstanding liability. The Arkansas office received two notices in 2008 from the Internal Revenue Service that said that tax returns had not been filed. They did not, however, alert the Baileys to the magnitude of the liability.

After the audit, Jeffrey requested an immediate sale of the company. Shirley and Roger, still unaware of the $1.1 million, sold the Texas branch to Jeffrey on August 15, 2008. The contract did not mention payroll trust-funds, but it did say that Roger and Shirley would retain liability for taxes, including those resulting from the sale of the company's assets. Jeffrey assumed liability for the line of credit, Texas leases and loans, and accounts payable. The contract says that anything not expressly transferred to him remains the responsibility of his parents.

Shirley and Roger say that the $1.1 million liability was not enumerated in their agreement because Jeffrey concealed that it was unpaid. It was not until four weeks after the sale that they discovered the magnitude of the liability. Alternatively, they say that accounts payable include debts derived from money held in trust to pay employee taxes.

In August of 2013, the parties settled all of the claims except Jeffrey's request for a declaratory judgment about who is liable under the contract for the $1.1 million.

3.  *Text.*

The clause on which Jeffrey relies, "Assumed Liabilities," says that Jeffrey's liabilities are: (a) the promissory note; (b) the line of credit; (c) the attached loans and leases; and (d) all accounts payable. Jeffrey says that accounts payable does not include a debt derived from money held in trust for payment of employees' taxes.

The Baileys rely on a clause, "Certain Taxes," that qualifies their tax liabilities as "all income, sales, use, transfer, or similar Taxes,"or "assessments resulting from" the sale of the company. The clause specifically excludes taxes associated with Jeffrey's operations after closing. It also does not mention trust-fund liability or other debts. The Baileys say that accounts payable includes debts from money in trust for payment of employees' taxes.

Colloquially, the terms payroll taxes and withholding taxes are used interchangeably. There are two competing definitions for payroll tax: those that the government imposes directly

on the employer, and taxes on employees that an employer withholds. The former is a payroll tax; the latter is a withholding tax. Under this contract, the seller is liable for the former, and the buyer is responsible for the latter.

Liability derived from withholdings is neither a tax nor a result of the company's sale. It is a defalcation. Rig-Up withholds money from its employees' pay that it keeps in a payroll trust-fund. That is not a tax on Rig-Up; it is a withholding tax on its employees. Rig-Up does not pay – the employees do. Misappropriating its employees' taxes results in debt. An account payable is a debt owed by an enterprise in the normal course of business, or a balance owed to a creditor.[1] The payroll trust-fund liability is an account payable because it is a debt.

The clause, "Certain Taxes," has a footnote that defines "Taxes." Using boilerplate language, it lists every tax imaginable. It looks as if Jeffrey included every tax listed in Black's Law Dictionary. That the definition lists "payroll" and "withholding" taxes does not change reality. Rig-Up is not taxed when it withholds its employees' pay for their taxes.

Withholding money, even when it is called payroll taxes, is not a tax on the employer. The amount withheld is kept in trust for the employees' benefit. It is a debt. Jeffrey will be responsible for all debts derived from withholdings. The Baileys, on the other hand, will owe taxes directly attributable to the company.

4.  Conclusion.

Because accounts receivable include debts, Jeffrey Bailey is liable under the contract for the portion of the $1.1 million that is owed to the United States on behalf of his employees. Because Shirley and Roger Bailey are responsible for taxes, they owe the remaining amount attributable directly to the company.

Signed on November  5 , 2013, at Houston, Texas.

                                      Lynn N. Hughes
                                   United States District Judge

---

[1] *Id.* at 17.

| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| Jeffrey C. Bailey, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-12-1711 |
| | § | |
| Shirley Bailey, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# Appendix: Contract Clauses

2.3   Assumed Liabilities.

Subject to Section 2.4, the Buyer hereby assumes, and shall take title to the Purchased Assets subject to the liabilities and obligations of the Seller listed on Schedule 2.3 (collectively, the "Assumed Liabilities").

2.4   Retained Liabilities.

The Buyer does not assume and is not in any way liable or responsible for any liabilities or obligations of the Seller which are not listed on Schedule 2.3, whether fixed or contingent, whether known or unknown, and such liabilities and obligations shall be referred to herein as the "Retained Liabilities."

7.2   Certain Taxes.

. . . *resulting from the consummation of the transactions contemplated hereby* (emphasis added). . .

Schedule 2.3

    Assumed Liabilities

    1. . . .

    2. . . .

    3. . . .

    4.    All accounts payable of Seller.